ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

*FILED*

*2010 AUG 16  P 2: 51*

*U.S. ... ... ...*

| | |
|---|---|
| Gerald P. Barletta<br>10 Hopewell Road<br>New Fairfield, Connecticut 06812 ) ) ) ) | Civil Action No. 3:10CV1311WWE |
| Plaintiff, ) | **COMPLAINT** |
| v. ) ) | **JURY TRIAL DEMANDED** |
| Bank of America<br>Bank of America Corporate Center<br>100 North Tryon Street<br>Charlotte, North Carolina 28255 ) ) ) ) ) | |
| Experian Credit Services<br>475 Anton Blvd.<br>Costa Mesa, CA 92626 ) ) ) ) ) ) | : |
| Defendants. ) | |

## COMPLAINT

### NATURE OF ACTION

1.  This is an action by Plaintiff, Gerald P Barletta to redress actions taken by Defendant,

Bank of America based on Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

Denise M. Richardson and Robert L. Richardson, Plaintiffs v.

Fleet Bank of Massachusetts, Equifax ...Credit Information

Services, Experian, Trans Union and Portfolio Recovery

Associates, LLC, Defendants. Civil Action NO. 99-30094-FHF

United States District Court for the District of Massachusetts

2001 U.S. Dist. LEXIS 22581 August 10, 2001, Decided.

Defamation; Pursuant to 15 U.S.C. § 1681h(e) ("section 1681n and 1681o"),

1) the defendant published a defamatory statement; (2) the defamatory

statement identified the plaintiff to a third person; (3) the defamatory statement was

published to a third person; and (4) the plaintiff's reputation suffered injury as a result of

the statement."

Financial Injury; U.S. Court of Appeals, Ninth Circuit, No. 00 – 15946, Nelson v Chase

Manhattan.

Defamation Willful Injury; FRC sec623, Cushman v Trans Union Corporation, U.S.

Court of Appeals Third district court case 115 F.3d 220 June 7, 1997, flied (D.C. No. 95-

cv-01743).

## JUSISDICTION AND VENUE

2.   Jurisdiction of this Court is proper under 15 U.S.C. § 1681 et seq. and 15 U.S.C.

§ 1681h(e) ("section 1681n and 1681o"), This court has jurisdiction to award

declaratory relief and all reasonable attorney fees and costs. 15 U.S.C. §

1681sb(ii)(c)(d)(3) and 15 U.S.C. § 1681 et seq. and 15 U.S.C.

§ 1681h(e) ("section 1681n and 1681o"),

3.   Venue is appropriate in this district pursuant to the venue statute as set forth under

15 U.S.C. § 1681 et seq. and 15 U.S.C. § 1681h(e) ("section 1681n and 1681o"), and

local rules of this court. The Plaintiff resides in New Fairfield, Connecticut.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. All of the necessary administrative prerequisites for filing the above referenced

claims have been met.

5.  Plaintiff contacted the Defendant numerous times by telephone, e-mail and Certified letters with proof of timely payments and referencing the history of misreporting of the Defendant. Falsely reporting negative information and the adverse and damaging effects towards the Plaintiff thereof.

6.  On April 9, 2010, through regular mail, the Plaintiff sent a mailing explaining the error to the Defendant, enclosing physical proof of timely payments, with no response from Defendant.

7.  On April 30, 2010, Plaintiff sent a certified mailing U.S Postal # - 7010 0290 0002 0438 5023. The contents were a copy of the April 9, 2010 mailing with no response from Defendant.

8.  On June 4, 2010, Plaintiff sent a certified mailing U.S. Postal # - 7009 3410 0002 0140 4892. The contents were the same as the April 9 & 30 2010 mailing, including an added notification the attempts of mailings to communicate the misreporting, hardships, prior history of the same reporting and defamation suffered by the defendants actions.

9.  Received Notice of Intent to Accelerate Foreclosure on April 12, 2010 and May 13, 2010 from Defendant. Called Defendant and was told there was nothing they could do because they could not find the missing funds, though documentation was sent in the mailings showing the cancelled checks for the months in question.

10.  Email was sent to the Defendant on June 11, 12, and 23, 2010 explaining the misappropriation of my funds. The replay was they were regrettably unable to answer my question through email.

3

11. Defendant has a history of creating financial hardship on Plaintiff. Falsely reporting negative information on September 2009 and October 2009. Defendant did correct report on November 9, 2009 but the credit reporting agencies did not update the report until January 2010.

12. On August 25, 2005 through September 27, 2005 the defendant misappropriated my funds totaling $32,588.15 causing late payments fees, defamation, financial hardship, humiliation and credit repercussions.

## PLAINTIFF

13. Plaintiff, Gerald P. Barletta, is a Caucasian American male, born July 28, 1958, and is a United States Citizen residing in the state of Connecticut. He is a resident of New Fairfield Connecticut where he resides during all times relevant to this action. Plaintiff suffers from diabetes, diabetic neuropathy, high blood pressure, and kidney failure. Plaintiff had his colon removed in November of 2007 due to severe ulcerative colitis caused by stress.

## DEFENDANT

14. Defendant, Bank of America(Defendant, Bank of America is referred to as Defendant) and Experian Credit Services( Experian will be referred to as Defendant Experian).

## FACTUAL ALLEGATIONS

15. The Plaintiff has been falsely reported by the Defendant to all Credit reporting agencies, negatively and historically since August 2005 through this day of August 16, 2010. More recently the Defendant reported negatively that the Plaintiff did not pay his mortgage for the months of September and October of 2009. The Defendant

4

did correct the credit report when the Plaintiff sent a letter. The Plaintiff as a result

suffered from financial loss due to the actions of the Defendant reporting the

Plaintiffs mortgage was not paid. On May of 2010 the Defendant once again falsely

reported negatively to the credit reporting agencies. The Plaintiff tried to contact the

Defendant with physical proof of current fulfillment of all financial obligation due the

Defendant, with no response. The Defendant has continued to report falsely to all

credit agencies for over ninety days since the Plaintiff contacted the Defendant on

April 9, 2010. These continued report have caused other creditors to reduce

borrowing ability, raised interest rates, refused credit, stop lending, prevent

investments, prevent refinancing of real estate and cause financial injury willfully.

16.   A three year refinancing agreement with the Defendant on April 2007,  which

stated in part, the Plaintiff could not refinance the loan without a penalty was due to

expire in April 2010. The refusal to correct the credit reports and acknowledge the

falsely reported negativity to the credit agencies prevents the Plaintiff from

refinancing with another Bank with lower rates.

## CAUSES OF ACTION

## COUNT I: WILLFULL FINANCIAL INJURY

17.   Plaintiff adopts and incorporates by reference each and every allegation set forth

in the previous paragraphs as if the same were set forth o full in this count.

18.   Plaintiff  contacted the Defendants on numerous occasions in good faith attempts

to resolve these reports with no cooperation from either Defendants.

19.   Plaintiff suffered financial injury, loss of credit standing, loss of ability to invest

for profits, loss of ability to refinance real estate, humiliation, defamation of

5

character and defamation.

20. Defendant keeping negative information on credit bureaus reports in hopes of keeping Plaintiff locked in the Defendants financial obligation due to an expiring financial agreement.

## COUNT II: VIOLATION OF FAIR CREDIT REPORTING ACT

21. The Defendant falsely reported negative information repeatedly after physical proof was sent showing the Plaintiffs mortgage was in compliance and the reports by the Defendant were not factual.

22. The Plaintiff gave the Defendant thirty days to correct the negative reports which the Defendant failed to comply several times through written, telephone and email communication.

## COUNT III: DEFAMATION

23. Though the Plaintiff gave ample time to correct false negative information reported to all credit agencies, the Plaintiff suffered financial losses due to the Defendants reports, from refused credit, reduced loan amounts, reduced credit limits to humiliation of financial standing in the community and among friends and relatives.

24. Plaintiff could not acquire affordable insurance due to negative credit reporting by the Defendant. The Plaintiff had to pay a higher rate due to credit worthiness.

25. Plaintiffs credit worthiness was reduced from a credit score of 709 low risk to 605 high risk.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Defendant was notified as to the errors of their reports to credit reporting

agencies and the financial stress it had caused, with no reply nor willingness to collaborate with resolve. The numerous attempts of telephone calls, emails and mailings had no response except for acknowledgement of emails saying, "regrettably unable to answer your question in an email". Telephone call resulted in the defendants representatives not being able to find the missing funds and being told I was behind in my mortgage and they would be foreclosing. The treats of foreclosure put the Plaintiff and the Plaintiffs wife in great stress, to lose their home and be homeless was an unbearable thought, We both live in fear everyday of being removed from our home.

27.   Plaintiff received a notice from the Defendant on August 7, 2010 that the property he resides in at 10 Hopewell Rd, New Fairfield, CT was reported as vacant. The Defendant also threatened to charge the Plaintiff with insurance costs due to the property being vacant without insurance.

28. Defendant calls the Plaintiffs home house five times daily at all hours. When the Plaintiff answers and explains the situation the Defendants representative continues with the same reply, "we cannot locate the missing funds, you are behind on mortgage payments and foreclosure will begin". The Plaintiff informs the Defendants representative that proof has been submitted to show financial compliance. The representative replies they will investigate the matter. The Plaintiff never hears back from the same representative, the telephone calls continue with the same context. The Plaintiff feels terrorized by the Defendants constant battlement and harassment causing the Plaintiff both physical and emotional stress and injury.

## COUNT V: INTENTIONAL INFLICTION OF PHYSICAL INJURY

7

29. Plaintiff suffers from diabetes, diabetic neuropathy, high blood pressure and kidney failure which has caused the plaintiff numerous hospital stays and surgeries due to the unbearable humiliation, financial stress, emotional stress and physical stress caused by the Defendants continual battering of the Plaintiff. The continual threats of foreclosure and notices of the Plaintiffs property, which is in financial compliance with the Defendants mortgage agreement, being vacant and the threats of costs the Defendant will impose on the Plaintiff for not having insurance, The Plaintiff has never lapsed in his house insurance.

30. The Plaintiff suffers from anxiety in fear of losing the home at 10 Hopewell Road, New Fairfield, Ct. the Plaintiff leaves for work everyday not knowing if he will come home to a padlock or his wife thrown out on the street. The Plaintiffs marriage in jeopardy due to allegations from the Defendant, causing the Plaintiffs wife to question the Plaintiff of not paying the mortgage.

## DAMAGES

31.  Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this count.

32.  As a direct result of the Defendants action, conduct and/or omissions as alleged herein this complaint, Plaintiff suffered monetary and non monetary damages.

33. In addition to the aforementioned damages, Plaintiff suffered emotional and mental anguish, stress on his physical condition, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self esteem, loss of community standing, damage to personal character and reputation, loss of future earnings and or economical potential, , loss of retirement benefits,  and other economic and non

8

economic damages as a direct result of Defendants unlawful actions, conduct and/or

omissions.

**WHEREFORE, PLAINTIFF REQUESTS** THAT HE BE AWARDED THE

FOLLOWING RELIEF:

a.) A declaratory judgment that the conduct engaged by the Defendant, was a violation of the Plaintiffs federally protected rights.
b.) An order directing the Defendant to pat all pecuniary and non pecuniary damages suffered by Plaintiff as alleged herein this complaint.
c.) An order directing Defendant to pay all damages incurred by Plaintiff, pursuant to Defendant's violation of Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.
d.) An order directing Defendant pay all reasonable attorney fees and costs incurred by Plaintiff and/or Plaintiffs counsel in this litigation.

**PLAINTIFF REQUESTS FOR A JURY TRIAL ON ALL MATTERS OF FACT AND/OR COMBINED MATTERS OF FACT AND LAW.**

Dated August 14, 2010

Respectively Submitted,

Gerald P Barletta
Pro Se

Gerald P. Barletta

Pro Se

10 Hopewell Rd

New Fairfield, Ct 06812

(203) 312-9814

9

I have enclosed copies of this notice with attachments for opposing counsel and U.S.

District Court Clerk.

Copies sent to:

U.S District Court Clerk

U.S. District Court

Civil Division

450 Main Street, Room 328

Hartford, CT  06103

Bank of America

Bank of America Corporate Center

100 North Tryon Street

Charlotte, North Carolina 28255

Experian Credit Services

475 Anton Blvd.

Costa Mesa, CA 92626

# CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2010 I filed the foregoing mailed by United States

Postal Service attached complaint to:

 U.S District Court Clerk, U.S Federal District Court

450 Main St Hartford, Ct 06103.

Bank of America Bank of America Corporate Center

100 North Tryon Street, Charlotte, North Carolina 28255

Experian Credit Services

475 Anton Blvd. Costa Mesa, CA 92626

Gerald Barletta

Pro Se

10 Hopewell Rd

New Fairfield, CT 06812

(203) 312-9814