UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERALD P. BARLETTA,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     3:10-cv-1311 (WWE) |
| | : |
| BANK OF AMERICA and EXPERIAN<br>CREDIT SERVICES,<br>    Defendants. | :<br>:<br>: |

### RULING ON VARIOUS MOTIONS

Plaintiff Gerald P. Barletta, appearing pro se, commenced this action with the filing of a complaint on August 16, 2010 against defendants Bank of America and Experian Credit Services ("Experian") alleging violations of the Fair Credit Reporting Act and claims for defamation and intentional infliction of emotional distress. Now pending before the Court are numerous motions, which the Court will address seriatim.

**I.  Motion for Sanctions (Doc. #8)**

The first motion pending is plaintiff's motion seeking sanctions pursuant to Fed. R. Civ. P. 11 for defendant Bank of America's alleged continued harassment through mailings and telephone calls regarding the foreclosure of plaintiff's property. Plaintiff contends that he has sent evidence to Bank of America that his account is fully paid.

Sanctions under Rule 11 may only be based on issues with the pleadings and other court filings. They are appropriate when (1) the filings are used for an improper purpose; (2) the claims, defenses and legal contentions are not warranted by existing law; (3) the factual contentions lack evidentiary support; or (4) the denials of factual contentions are not warranted by the evidence. Fed. R. Civ. P. 11(b). Rule 11 does not

1

permit the court "to sanction any action by an attorney or party that it disapproves of. Imposition of sanctions must be based on a pleading, motion or other paper signed and filed in federal court." United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1344 (2d Cir. 1991). Rule 11 also requires that the party seeking the imposition of sanctions permit the alleged violator twenty-one days to correct its conduct. Lawrence v. Richman Group of CT LLC, 620 F.3d 153, 156 (2d Cir. 2010). This safe harbor provision "functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d Cir. 2003).

Plaintiff's motion for sanctions is based on extra-judicial conduct that is unrelated to any filing by Bank of America. In addition, there is no indication that plaintiff provided Bank of America with twenty-one days to correct its actions. For these reasons, plaintiff's motion for sanctions (Doc. #8) will be denied.

**II.   Bank of America's Motion to Dismiss (Doc. #13)**

In light of plaintiff's motion to amend his complaint, the Court will deny Bank of America's motion to dismiss the first complaint.

**III.   Motion to Deny Motion to Dismiss (Doc. #16)**

Plaintiff's motion to deny the motion to dismiss is better characterized, not as a motion, but as a response to Bank of America's motion to dismiss. Because the motion to dismiss will be dismissed and because the "motion to deny" is not truly a motion, it will be denied.

**IV.     Plaintiff's Motion to Amend His Motion to Deny (Doc. #20)**

Because the motion to deny will be denied, the Court will not permit plaintiff to amend his opposition to the motion to dismiss.  This motion will also be denied.

**V.      Plaintiff's Motion to Amend Complaint (Doc. #22)**

Plaintiff seeks leave to amend his complaint.  Federal Rule of Civil Procedure 15(a) instructs that courts "should freely give leave" to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a).  As the Supreme Court has held, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962).  A district court may deny leave for "good reason" such as futility, bad faith, undue delay, or undue prejudice to the opposing party, but "outright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007).

Plaintiff's proposed amended complaint is fifty pages long with countless factual allegations organized in numbered paragraphs that are not ordered.

The court understands that it must construe pro se complaints liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  In addition, the court should construe the complaint to do justice.  Fed. R. Civ. P. 8(e).

The rambling and incoherent nature of plaintiff's proposed amended complaint runs afoul of what is required by Fed. R. Civ. P. 8(a) and undermines the Court's ability to do justice in this action.  Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed R.

3

Civ. P. 8(a)(2).

Although the initial complaint was a short, plain and succinct statement, the proposed amended complaint is not. Therefore, the Court will deny plaintiff's motion to amend the complaint without prejudice. Plaintiff will nonetheless be permitted to amend his complaint. His amended complaint should comply with the dictates of Fed. R. Civ. P. 8(a) and be short and plain. It should be organized in consecutively-numbered paragraphs which state the factual background that support plaintiff's legal claims. Based on the allegations of the initial complaint, the Court expects a complaint that is no more than twenty pages. Plaintiff shall file his amended complaint no later than March 7, 2011.[1]

## VI.  Plaintiff's Motion to Submit Damage Analysis (Doc. #27)

The next motion pending before the Court is plaintiff's motion to submit its damage analysis. This damage analysis need not be submitted to the Court. Therefore, the motion will be denied as moot.

## VII.  Plaintiff's Motion for Sanctions (Doc. #29)

Plaintiff has filed a second motion for sanctions contending that Bank of America's motion to strike the proposed amended complaint inaccurately stated the law under Fed. R. Civ. P. 8. The Court has reviewed Bank of America's motion and finds that it is reasonable and does not warrant sanctions. Therefore, plaintiff's second motion for sanctions will be denied.

---

[1] Because the Court will not grant plaintiff's motion to amend his complaint, the Court will deny Bank of America's motion to dismiss the amended complaint (Doc. #24) and motion to strike the amended complaint (Doc. #25) as moot. These motions may be refiled, if appropriate, following plaintiff's filing of a second amended complaint.

**VIII.     Plaintiff's Motion for Preliminary Injunction (Doc. #32)**

Plaintiff has filed a motion for a preliminary injunction to enjoin Bank of America from continuing to demand and charge late fees on plaintiff's mortgage.

Injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam).  "A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied."  Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007).  If a party seeks a mandatory injunction, i.e., an injunction that alters the status quo by commanding the defendant to perform a positive act, it must meet a higher standard.  "[I]n addition to demonstrating irreparable harm, [t]he moving party must make a clear or substantial showing of a likelihood of success on the merits, … a standard especially appropriate when a preliminary injunction is sought against government."  D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006).  Where money damages can compensate a plaintiff for any likely injury, a preliminary injunction is inappropriate except in extraordinary circumstances.  Moore v. Consol. Edison Co. of N.Y., 409 F.3d 506, 510 (2d Cir. 2005).

Plaintiff has failed to demonstrate any irreparable injury that cannot be rectified through monetary damages, if necessary, at the end of the case.  Therefore, the Court will deny plaintiff's motion for a preliminary injunction.

**IX.   Plaintiff's Motion of Denial of Defendants'
Opposition of Motion to Bring an Injunction (Doc. #34)**

This "motion" is more properly characterized as plaintiff's reply to Bank of America's objection to his motion for a preliminary injunction.  Because it is not a motion, it will be denied as moot.

**X.   Service on Defendant Experian**

To date, plaintiff has failed to serve defendant Experian.  Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Because plaintiff is proceeding pro se, the Court will permit plaintiff until March 7, 2011 to serve Experian.  Failure to do so, absent good cause, will result in dismissal of all claims against Experian without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the following motions on the merits: plaintiff's motions for sanctions (Docs. #8, 29); plaintiff's motions to amend (Docs. #20, 21, 22); and plaintiff's motion for a preliminary injunction (Doc. #32).  The Court DENIES the following motions as moot: plaintiff's motions to deny or strike (Doc. #16, 28, 34); defendant's motions to dismiss or to strike (Docs. #13, 24, 25); and plaintiff's motion to submit damage analysis (Doc. #27).  Plaintiff is permitted to file an amended complaint no later than March 7, 2011.  Finally, plaintiff is instructed to properly serve defendant Experian by March 7, 2011; failure to do so will result in the dismissal of all claims against Experian without prejudice.

Dated at Bridgeport, Connecticut, this 15th day of February, 2011.

                                                              /s/
                                            Warren W. Eginton
                                            Senior United States District Judge