UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERALD P. BARLETTA, | : |
|     Plaintiff, | : |
| | :    No. 3:10-cv-01311-WWE |
| v. | : |
| | : |
| BANK OF AMERICA and EXPERIAN | : |
| CREDIT SERVICES | : |
| | : |
|     Defendants. | : |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Gerald P. Barletta has filed a complaint against defendant Bank of America ("BofA") alleging (1) fraud; (2) violation of the Fair Credit Reporting Act ("FCRA"); (3) breach of contract; (4) "Willful Financial Injury and Non Compliance"; (5) defamation; (6) intentional infliction of emotional distress; (7) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), and; (8) unjust enrichment. All counts stem from disputes over plaintiff's mortgage loans with BofA.

Count One and Count Eight also contain allegations against defendant Experian. However, defendant Experian was not involved with the underlying motion.

Defendant BofA has filed a motion to dismiss all but the Second Count against it. For the following reasons the motion to dismiss will be granted.

**BACKGROUND**

In April, 2007, plaintiff Gerald Barletta entered into a mortgage loan transaction with BofA, secured by plaintiff's residence in New Fairfield, Connecticut. Plaintiff allegedly tendered timely payments which defendant did not properly record. Defendant BofA charged plaintiff late

1

fees and reported plaintiff as delinquent to the major consumer reporting agencies. Repeated attempts by plaintiff to resolve the dispute with defendant were unsuccessful. Meanwhile, defendant's communications to the consumer reporting agencies had a negative impact upon plaintiff's credit rating. In April, 2010, defendant began foreclosure proceedings against plaintiff. On August 16, 2010, plaintiff filed this action disputing any delay in payment and alleging that defendant falsely reported negative information to consumer reporting agencies.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Preemption of State Law Claims

Defendant argues that the FCRA preempts all of plaintiff's state law claims and, therefore, all but the Second Count against BofA should be dismissed. Specifically, defendant points to 15 U.S.C. § 1681t(b)(F)(1) concerning furnishers of credit information.

15 U.S.C. § 1681t(b)(F)(1) of the FCRA provides, in pertinent part, that "[n]o

requirement or prohibition may be imposed under the law of any state with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(F)(1). 15 U.S.C. Section1681s-2(a) establishes that those who furnish information to consumer reporting agencies must do so accurately. Section 1681s-2(b) relates to the duties of furnishers of information upon notice of dispute. Notice for purposes of this statute may come from either a consumer reporting agency or from a consumer. Thus, on its face, section 1681t(b)(F)(1) appears to preempt all state law claims based on the furnishing of information to consumer reporting agencies.

Some courts have held that the FCRA does not preempt all state claims that are based on furnishing of consumer information because another statute, 15 U.S.C. §1681h(e), acts to permit recovery in some circumstances. These courts have held that section 1681t(b)(F)(1) and section1861h(e) govern identical subject matter, and they have resolved the perceived conflict between the two statutes by limiting the scope of section 1681t(b)(F)(1). See, e.g., Woltersdorf v. Pentagon Fed. Credit Union, 320 F. Supp. 2d 1222, 1223-27 (N.D.Ala. 2004). In Woltersdorf, the court bifurcated the protections of the FCRA into two time periods: (1) the period before a furnisher is notified by a consumer reporting agency of a consumer's dispute, during which the protections of section 1681t(b)(F)(1) have not been triggered and section1861h(e) applies, and; (2) the period after, where section 1681t(b)(F)(1) does apply to preempt claims against furnishers. Other courts have found this approach to be "strained at best." Gordon, 266 F. Supp. 2d 1007, 1013 (S.D.Iowa 2003). Some have found the limitation on the scope of section 1681t(b)(F)(1) to be "baseless." Islam v. Option One Mortg. Corp., 432 F. Supp. 2d 181, 192 (D.Mass. 2006). The problem with the bifurcation method, known as the "temporal" approach,

is that the applicability of section 1681t(b)(F)(1) is not contingent on notification from a consumer reporting agency. Section1681s-2(a) establishes that those entities that furnish information to consumer reporting agencies must do so accurately regardless of notification. Therefore, the temporal approach reads an element into section 1681t(b)(F)(1) that its text does not contain - i.e., applicability only after notice from consumer reporting agencies. More importantly, the temporal approach attempts to solve perceived conflict between section 1681t(b)(F)(1) and section 1861h(e) that does not exist.

In Holtman v. Citifinancial Mortgage Company, Inc., this Court agreed that there is no inherent conflict between the two statutes. 2006 WL 1699589, at *4 (D.Conn. 2006). While section 1681t(b)(F)(1) only applies to persons who provide information to consumer reporting agencies, section 1681h(e) applies to consumer reporting agencies and those who take adverse actions against consumers based on consumer reports. Assuming *arguendo* that the two statutes do overlap, section 1681h(e) preempts some state regulation of credit reports and section 1681t(b)(F)(1) simply preempts more. "There is no more conflict between these laws than there would be between a 1970 statute setting a speed limit of 60 for all roads in national parks and a 1996 statute setting a speed limit of 55." Purcell v. Bank of America, 2011 WL 4634216, at *3 (7th Cir. 2011). Nevertheless, section 1681h(e) is not relevant here because defendant BofA is not a consumer reporting agency or a person who took adverse action against consumers based on consumer reports. The only remaining question is whether section 1681t(b)(F)(1) preempts any of plaintiff's claims.

In Count One and Counts Three through Eight of his complaint, plaintiff asserts a wide variety of state law claims. However, all of these claims stem from defendant's alleged failure to

properly and accurately document and report plaintiff's loan records. These portions of the complaint based on BofA charging plaintiff late fees and informing consumer reporting agencies that plaintiff was behind on his mortgage payments are preempted by the FCRA section 1681t(b)(F)(1). Therefore, all of these counts will be dismissed. With respect to defendant BofA, only the Second Count alleging violation of the FCRA remains. Count One and Count Eight against defendant Experian, alleging fraud and unjust enrichment respectively, also remain.

## CONCLUSION

For the foregoing reasons, defendant BofA's motion to dismiss Counts One and Counts Three through Eight of plaintiff's complaint is GRANTED. The plaintiff is instructed to file an amended complaint that conforms to this ruling within 14 days of this ruling's filing date.

DATED this 20th day of October, 2011 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE