UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERALD P. BARLETTA,<br>      Plaintiff, | :<br>:<br>:   No. 3:10-cv-01311-WWE |
| v. | :<br>: |
| BANK OF AMERICA and EXPERIAN<br>CREDIT SERVICES | :<br>:<br>: |
|       Defendants. | : |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE**

Plaintiff has filed a complaint against defendant Bank of America ("BofA") consisting of eight separate counts stemming from disputes over plaintiff's mortgage loans with BofA. All but the Second Count against BofA, alleging violation of the Fair Credit Reporting Act ("FCRA") have been dismissed. Defendant has filed a motion to strike allegations contained in paragraph 40 of the Second Count of the complaint.

For the following reasons the motion to strike will be granted.

**BACKGROUND**

In April, 2007, plaintiff Gerald Barletta entered into a mortgage loan transaction with BofA, secured by plaintiff's residence in New Fairfield, Connecticut. Plaintiff allegedly tendered timely payments which defendant did not properly record. Defendant BofA charged plaintiff late fees and reported plaintiff as delinquent to the major consumer reporting agencies. Repeated attempts by plaintiff to resolve the dispute with defendant were unsuccessful. Meanwhile, defendant's communications to the consumer reporting agencies had a negative impact upon plaintiff's credit rating. In April, 2010, defendant began foreclosure proceedings against

plaintiff. On August 16, 2010, plaintiff filed this action disputing any delay in payment and alleging that defendant falsely reported negative information to consumer reporting agencies.

## DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) is also designed to reinforce Rule 8(e) guidelines that pleading be simple, concise, and direct. In Re Merrill Lynch & Co., Inc. Research Reports Securities Litigation, 218 F.R.D. 76, 78 (S.D.N.Y. 2003). However, motions under Rule 12(f) are viewed with disfavor by federal courts and are infrequently granted. Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

Paragraph 40 of plaintiff's complaint is not a short and plain statement. It contains almost two pages of legal argument adopted from federal cases. Furthermore, plaintiff's allegation that defendant BofA violated the FCRA is clearly evident from the other nine paragraphs contained in Count Two.

Ordinarily, this Court is hesitant to strike a portion of a pleading when its presence throughout the proceeding will not be prejudicial to the moving party. This is especially the case when the plaintiff is a *pro se* party. However, notwithstanding this motion, plaintiff has been instructed to file an amended complaint that conforms to the Court's ruling on defendant's motion to dismiss within 14 days. As this ruling is contemporaneous, it will be relatively simple for plaintiff to incorporate changes to paragraph 40 into his amended complaint. Therefore, the Court will instruct plaintiff to remove the redundant and immaterial portions of his complaint beginning ten lines into paragraph 40, and ending at the beginning of paragraph 41.

**CONCLUSION**

For the foregoing reasons, defendant BofA's motion to strike allegations contained in paragraph 40 of the remaining Second Count of the Complaint is GRANTED.  The plaintiff is instructed to file an amended complaint that conforms to this ruling within 14 days of this ruling's filing date.

DATED this 20th day of October, 2011 at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE